**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4207**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON BRANDON COX,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00366-WO-1)

Submitted:  October 13, 2002                    Decided:  October 18, 2022

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Mary Ann Courtney, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Brandon Cox pled guilty, pursuant to a written plea agreement, to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. At sentencing, the district court established a Sentencing Guidelines range of 51 to 63 months' imprisonment and varied upward to sentence Cox to a term of 93 months' imprisonment. Cox appeals, arguing that the court abused its discretion in varying above his Guidelines range because the court relied on allegedly erroneous facts and the sentence was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a), rendering his sentence procedurally and substantively unreasonable. We affirm.

We review the reasonableness of a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51.

If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). An above-Guidelines-range sentence carries neither a presumption of reasonableness nor of unreasonableness on appeal. *Irizarry v. United States*, 553 U.S. 708, 714 (2008). In reviewing the substantive

2

reasonableness of an above-Guidelines-range sentence, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). However, extraordinary circumstances are not necessary to justify a deviation from the Guidelines range. *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017). "[W]e give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted).

On appeal, Cox argues that his sentence is procedurally unreasonable because, he claims, the district court relied on clearly erroneous facts. First, Cox disputes the court's finding that he attempted to point a gun at law enforcement; however, that finding is not clearly erroneous as the responding officer testified at sentencing that Cox "was attempting to raise" "a black carbine rifle," "but he could not because the door was being pushed." (J.A. 60).* Next, Cox challenges the court's contention that his criminal history was underrepresented; however, the court explained that Cox's extensive history of assaultive behavior elevated the seriousness of the felon-in-possession offense, and the court's determination is not clearly erroneous. Cox also alleges there was no evidence that he assaulted a woman during the criminal episode, but a witness the court found credible testified that she saw Cox grab the woman's neck and hit her in the face. (J.A. 48). Finally,

---

\* "J.A." refers to the joint appendix filed by the parties in this appeal.

3

Cox claims the court should not have based a variance on his statement that he liked to hunt and fish, but the court used that as one of several examples of his disrespect for the law, a finding that was not clearly erroneous.  Therefore, Cox's sentence is procedurally reasonable.

Cox's sentence is also substantively reasonable.  In explaining its reasons for varying upward, the district court stated that it did not believe the Guidelines "[came] close to reflecting the seriousness of the offense." (J.A. 125).  The court noted Cox's mitigation arguments, including his completion of courses while in pretrial detention and his difficult family circumstances, but nevertheless stated "that an upward variance of 30 months to account for the serious danger the defendant presents to the community, the complete lack of respect for the law, the need for deterrence in this particular circumstance, and the need to protect the public all suggest that an upward variance is appropriate here." (J.A. 125).  In light of the district court's explanation and the due deference we give to a court's weighing of the § 3553(a) factors, we cannot say that the court abused its discretion by varying upward and imposing Cox's 93-month sentence.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*